```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                   :
7THONLINE, INC.,                                   :
                                                   :
                              Plaintiff,           :    1:25-cv-2418-GHW
                                                   :
              -v-                                  :    MEMORANDUM OPINION &
                                                   :             ORDER
COLONY BRANDS, INC.,                               :
                                                   :
                              Defendant.           :
                                                   :
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

## I. INTRODUCTION

On, February 21, 2025, Colony Brands, Inc. ("Colony") commenced an action against 7thonline, Inc. ("7thonline") in the Western District of Wisconsin, alleging breach of contract. Case No. 3:25-cv-130 (the "Wisconsin Action"). The Wisconsin Action is in the early stages of discovery, and there is a pending motion to dismiss filed by 7thonline, arguing in part that Colony commenced the Wisconsin Action in violation of the parties' contract. On March 24, 2025, 7thonline commenced this action against Colony in the Southern District of New York, alleging breach of the same contract and requesting a declaratory judgment that this action is properly the first-filed case. Colony filed a motion to dismiss this action or, in the alternative, to transfer it to the Western District of Wisconsin. Because the court in the Wisconsin Action should decide whether special circumstances or convenience factors warrant that the case proceed in this Court, this proceeding is temporarily STAYED.

II.     **BACKGROUND**[1]

The parties' underlying dispute concerns alleged breaches of a software servicing contract. Colony is a Wisconsin corporation that sells a wide range of products online and through catalogs. Dkt. No. 23-1 ("Wisconsin Complaint") ¶ 1. 7thonline is a Delaware corporation based in New York that provides and services software systems for retail brands. Dkt. No. 1 ("New York Complaint") ¶¶ 2–5. In January 2018, the parties entered into an agreement providing that Colony will pay 7thonline to "host [Colony's] retail merchandise assortment planning information on Internet pages accessible through 7thonline's website." Dkt. No. 1-1 (the "Agreement") § 1. The companies then entered into numerous statements of work ("SOWs") over multiple years to expand upon the services detailed in the initial Agreement. New York Complaint ¶¶ 26–60; Wisconsin Complaint ¶¶ 23–39. The Agreement provided that "[a]ll disputes, differences, controversies or claims arising out of or relating to this Agreement will first be mediated between officers of the Parties for no less than 30 days before any lawsuit is filed, except for preliminary injunctive relief." Agreement § 17.

On April 24, 2024, Colony sent 7thonline a notice asserting that 7thonline had breached the Agreement by "fail[ing] to perform or provide any of the Services contemplated by the Agreement." New York Complaint ¶ 71. According to 7thonline, between April 2024 and June 2024, it "discuss[ed] with Colony how it could best 'cure' its alleged 'material breach,' while reserving all

---

[1] All facts alleged in the Complaint, Dkt. No. 1, are accepted as true for the purposes of this Rule 12(b)(6) motion. *See, e.g.*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court also considers all documents attached to and incorporated by reference to the Complaint. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that in considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint"). And because the Complaint references a proceeding in the U.S. District Court for the Western District of Wisconsin, the Court takes judicial notice of filings, documents, transcripts, and orders in that proceeding. *Jianjun Lou v. Trutex, Inc.*, 872 F. Supp. 2d 344, 350 n.6 (S.D.N.Y. 2012) ("In the Rule 12(b)(6) context, a court may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior litigation and that relate to the case *sub judice*.").

rights with respect to admitting that a breach had actually occurred." New York Complaint ¶ 72.

On September 19, 2024, officers of both parties met again to discuss a resolution to their dispute. New York Complaint ¶ 75; Wisconsin Complaint ¶ 54. Colony considered that meeting to be an official mediation between the parties. *See* Wisconsin Complaint ¶ 54. 7thonline asserts that mediation actually occurred on February 21, 2025. New York Complaint ¶ 79. On February 21, 2025, following what 7thonline asserts was the required mediation, Colony filed a lawsuit against 7thonline in the Western District of Wisconsin alleging breach of contract, breach of the implied duty of good faith and fair dealing, unjust enrichment, promissory estoppel, and fraudulent inducement. *See* Wisconsin Complaint. On March 21, 2025, 7thonline responded with a motion to dismiss the action, arguing in part that the Wisconsin Action had been filed within thirty days of the parties' mediation, in violation of the Agreement's "cooling-off" provision. Wisconsin Action, Dkt. Nos. 10, 12.

On March 24, 2025, 7thonline commenced this action in the Southern District of New York. Dkt. No. 1. 7thonline alleges that Colony breached the contract by failing to pay the required subscription fee and seeks entry of a declaratory judgment that Colony's Wisconsin action "does not enjoy any presumption under the 'first filed rule' and that, instead, 7thonline's instant Complaint is instead entitled to this presumption." New York Complaint ¶ 101. 7thonline argues that the first-filed rule is inapplicable because "special circumstances justifying an exception to the 'first filed rule' exist where the first suit constitutes an improper anticipatory filing or was motivated solely by forum shopping." *Id.* ¶ 96. On June 3, 2025, Colony moved to dismiss this action "in its entirety, or in the alternative, transfer venue under the first-filed rule." Dkt. No. 21 at 1. Colony's motion also asks the Court to dismiss 7thonline's second cause of action seeking declaratory judgment with prejudice. *Id.* Colony argues that the current matter "cannot overcome the first-filed presumption because there are no special circumstances and the balance of convenience favors continuing the litigation in

3

Wisconsin." *Id.* at 2. 7thonline filed its opposition on June 24, 2025. Dkt. No. 25. Colony filed its reply on July 1, 2025. Dkt. No. 28.

### III. LEGAL STANDARD

"The first-filed rule states that, in determining the proper venue, '[w]here there are two competing lawsuits, the first suit should have priority.'" *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)). "The rule 'embodies considerations of judicial administration and conservation of resources' by avoiding duplicative litigation and honoring the plaintiff's choice of forum." *Employers Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (quoting *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989)). "Proper application of the 'first-filed' rule requires that the first and subsequently filed case(s) have either identical or substantially similar parties and claims." *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012).

There are two exceptions to the first-filed rule: (1) "where 'special circumstances' warrant giving priority to the second suit," and (2) "where the 'balance of convenience' favors the second-filed action." *Wausau*, 522 F.3d at 275; *see also New York Marine*, 599 F.3d at 112. "Special circumstances include manipulative or deceptive behavior on the part of the first-filing plaintiff." *New York Marine*, 599 F.3d at 112. The Second Circuit has "identified only a limited number of such circumstances." *Wausau*, 522 at 275. "One exists where the first-filed lawsuit is an improper anticipatory declaratory judgment action." *Id.* "Another . . . is where forum shopping *alone* motivated the choice of the situs for the first suit." *Id.* at 276 (emphasis in original) (internal quotation marks omitted).

"Where special circumstances are not present, a balancing of the conveniences is necessary." *Id.* "The factors relevant to the balance of convenience analysis are essentially the same as those

4

considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)." *Id.* at 275. "Among these factors are: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." *Id.* (internal quotation marks and citations omitted).

Where the first-filed rule is applicable, the decision to stay, dismiss, or transfer a proceeding rests within the district court's discretion. *See Wyler-Wittenberg*, 899 F. Supp. 2d at 247–48. "The Court should take whichever action it deems proper to 'avoid duplication of judicial effort, avoid vexatious litigation in multiple forums, achieve comprehensive disposition of litigation among parties over related issues, and eliminate the risk of inconsistent adjudication.'" *Id.* at 247 (citing *Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001)). "[T]he disposition of a second-filed case is not governed by 'a rigid test, but require[s] instead that the district court consider the equities of the situation when exercising its discretion.'" *Id.* (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)).

Generally, the court with the first-filed action determines which forum will hear the case. *See, e.g.*, *MSK Ins., Ltd. v. Emps. Reinsurance Corp.*, 212 F. Supp. 2d 266, 267–68 (S.D.N.Y. 2002) ("The court before which the first filed action was brought determines which forum will hear the case.") (collecting cases). This approach is not mandatory, however. In *New York Marine*, the Second Circuit clarified that it was within the discretion of the court with the second-filed action to make the determination regarding whether to transfer the second-filed case.

IV. **DISCUSSION**

The Court defers to the court in the Wisconsin Action on the issue of where this litigation should proceed for two reasons. First, the Western District of Wisconsin was first to preside over

5

the case, and courts in this district generally default to allowing the judge presiding over the first-filed case to determine whether an exception to the first-filed rule applies.  *See, e.g., Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 557 n.4 (S.D.N.Y.2000) ("[I]t is the court in which the first-filed action was brought that should decide whether an exception to the first-filed rule applied."); *MSK Ins.*, 212 F. Supp. 2d at 267–68 (collecting cases) ("The court before which the first-filed action was brought determines which forum will hear the case."); *Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*, 119 F. Supp. 2d 433, 440 (S.D.N.Y. 2000) ("It is the court in which the first-filed action was brought that should decide whether an exception to the first-filed rule applies."); *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 n. 9 (S.D.N.Y. 1995) ("Case law indicates that the court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively, an exception to the first-filed rule, applies.").[2]

Second, the Court would run the risk of inconsistent rulings and duplicating judicial resources if it were to analyze whether an exception to the first-filed rule applies in this case.[3]  Both the Wisconsin court and this Court are being asked to analyze the meaning of the Agreement, whether a mediation took place pursuant to the Agreement, and whether Colony breached the Agreement by commencing the Wisconsin Action.  7thonline's pending motion to dismiss in the Wisconsin Action argues that Colony's failure to "[wait] the requisite 30 days to 'cool down' following the mediation," in violation of the Agreement, warrants dismissal.  Wisconsin Action, Dkt.

---

[2] The Court notes that the Second Circuit has not affirmed the bright-line rule to which other cases like *MSK Ins.* refer.  *See New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113 (2d Cir. 2010) ("[S]o far as the District Court considered the first-filed rule and balanced the convenience factors, we see no abuse of discretion.").  However, as discussed above, the Second Circuit in *New York Marine* only held that the second-filed court did not abuse its discretion in transferring the case to the first-filed court.  *Id.*  The Second Circuit did not say that this Court could—as 7thonline is requesting in Claim II—issue a declaratory judgment that the second-filed court is where the action should proceed.

[3] Indeed, deferring to the Western District of Wisconsin aligns with the very purpose of the first-filed rule:  to avoid inconsistent rulings on an issue where district courts have "an ample degree of discretion."  *MSK*, 212 F. Supp. 2d at 268 n.5; *see also Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 54 n.2 (S.D.N.Y. 2001) (stating that the first-filed rule "protects parties from the considerable expense and potential for inconsistent judgments that duplicate litigation entails").

No. 12 at 10. Before this Court, 7thonline requests a declaration that Colony's violation of the cooling-off provision is a "special circumstance" that warrants an exception to the first-filed rule. In order to determine whether a "special circumstance" is present in this case, the Court would therefore have to find that Colony violated the mediation provision: the Court would have to analyze the meaning of the Agreement's mediation provision and the nature of the parties' dispute resolution meetings.[4] Thus, the issues presented to this Court significantly overlap with merits issues in the Wisconsin Action.

To avoid the risk of inconsistent rulings on the meaning of the Agreement, the parties' compliance, and ultimately the proper forum for this case, the Court exercises its discretion to withhold reaching the merits of this case or the applicability of the first-filed rule until the court in the Wisconsin Action addresses the issues pending in that forum. In its discretion, the Court orders that this action is temporarily stayed pending a determination by the court in the Wisconsin Action as to whether Colony's lawsuit breached the Agreement and, if so, whether that warrants adjudication of the parties' dispute in one forum over another.[5]

### V.    CONCLUSION

For the foregoing reasons, this action is stayed pending a ruling on the merits of 7thonline's motion to dismiss in the Wisconsin Action. The court presiding in the Wisconsin Action may also

---

[4] While, for the reasons discussed, the Court does not address the merits of 7thonline's claim at this stage, the meaning of the phrase "mediated between officers of the Parties" in the Agreement may ultimately be determined to be ambiguous. If the contract were found to be ambiguous, then for the Court to determine whether the September 19, 2024 meeting or the February 21, 2024 meeting satisfied the Agreement's mediation provision, the Court might necessarily have to engage with a question of fact related to the parties' intent. *See Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 56 (2d Cir. 2012) (citing *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 178 (2d Cir. 2004)) ("In the context of a motion to dismiss, 'if a contract is ambiguous as applied to a particular set of facts, a court has insufficient data to dismiss a complaint for failure to state a claim.'"); *New York Wheel Owner LLC v. Mammoet Holding B.V.*, 481 F. Supp. 3d 216, 244 (S.D.N.Y. 2020) (citing *Crowley v. VisionMaker, LLC*, 512 F. Supp. 2d 144, 152 (S.D.N.Y. 2007) ("'[W]hen the language of a contract is ambiguous, its construction presents a question of fact, which of course precludes summary dismissal' on a Rule 12(b)(6) motion.") (internal quotation marks omitted). The result would be substantial litigation of the merits issue currently before the Wisconsin court.
[5] Transferring or dismissing this action at this time, as requested by Colony, would, as discussed, require the Court to rule on the issues currently before the Wisconsin court, which could lead to inconsistent rulings. The Court therefore finds a temporary stay to be more appropriate at this time.

choose to rule on the question of whether the first-filed rule mandates dismissal of this action or transfer of this action to that court. The parties are directed write the Court regarding the status of this case after such a ruling is issued. The Clerk of Court is directed to note the stay of this case on the docket and to terminate the motion pending at Dkt. No. 21.

    SO ORDERED.

Dated: July 31, 2025
New York, New York

                                    GREGORY H. WOODS
                                   United States District Judge